

# Fourth Court of Appeals
## San Antonio, Texas

April 18, 2022

No. 04-22-00047-CR

Michael Alonzo **RODRIGUEZ,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 630792
Honorable Grace M. Uzomba, Judge Presiding

# O R D E R

Pursuant to a plea-bargain agreement, appellant pleaded guilty to driving while intoxicated and was placed on community supervision for twelve months. The trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2).

Generally, in a plea bargain case, a defendant may appeal only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) after getting the trial court's permission to appeal. *See id.* 25.2(a)(2)(A), (B). The clerk's record contains a written plea bargain, which appears to establish the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* Because the trial court's certification appeared to accurately reflect this is a plea-bargain case and appellant does not have a right to appeal, we ordered an amended trial court certification showing appellant has the right to appeal be made part of the appellate record by March 10, 2022. *See* Tex. R. App. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

On March 1, 2022, appellant filed a response to our order arguing nothing in Texas law prevents any court with jurisdiction over a criminal case from noticing and correcting an illegal sentence. According to appellant, the trial court imposed a $6,000 miscellaneous traffic fine that is contrary to the law and, therefore, constitutes an illegal sentence. Appellant states his trial counsel objected to the fine.

We are obligated to review the record in ascertaining whether the certification is defective. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005); *Perero v. State*, No. 12-21-00067-CR, 2021 WL 4898780, at *1 (Tex. App.—Tyler Oct. 20, 2021, no pet.) (mem. op., not designated for publication). During appellant's plea hearing, the trial court imposed an additional $6,000 traffic fine and appellant's attorney objected that the fine was not part of the agreement with the State. Based on the record, it appears the punishment exceeds that recommended by the State and agreed to by appellant. Therefore, the certification that appellant is not entitled to appeal may be incorrect.

Accordingly, we REMAND the case to the trial court to hold an evidentiary hearing and:

(1) issue an amended certification; or

(2) if appellant is not entitled to appeal, issue findings of fact and conclusions of law explaining why appellant is not entitled to an appeal including:

> (a) whether the punishment assessed by the court (including the $6,000 miscellaneous traffic fee) exceeded the punishment recommended by the prosecutor and agreed to by the defendant;

> (b) whether the "Judge's Notes and Annotations" appeared on the Waiver of Appeal section of the Plea Agreement at the time the defendant, the attorney for the defendant, and the Assistant District Attorney signed and acknowledged the Plea Agreement; and

> (c) any other issue that is relevant to whether the defendant is entitled to appeal.

We ORDER the trial court to file either the amended certification or written findings of fact and conclusions of law with the trial court clerk **no later than April 28, 2022.** We ORDER the trial court clerk to file a supplemental clerk's record in this court **no later than ten days** after the trial court files an amended certification or its findings of fact and conclusions of law explaining why appellant is not entitled to an appeal. We further ORDER the court reporter to file in this court a supplemental reporter's record of the hearing, along with copies of any documentary evidence admitted, **no later than twenty days** after the date of the hearing.

All appellate deadlines are ABATED pending further orders from this court.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of April, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court